IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>REDSTONE BUSINESS LENDERS, LLC.<br><br>        Defendant. | CASE NO.: 2:13-cv-03939 (DMC)(JAD) |

CONSENT ORDER OF RECEIVERSHIP

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

    1.    Pursuant to the provisions of 15 U.S.C. §687c, this Court takes exclusive jurisdiction of REDSTONE BUSINESS LENDERS, LLC ("Redstone") and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Redstone ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshalling and liquidating all of Redstone's assets and satisfying the claims of creditors therefrom in the order of priority as determined by this Court.

    2.    The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, members, managers, investment advisors and other agents of Redstone under applicable state and federal law, by the agreement of the limited liability company, and by-laws of said company, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the

Receiver by the provisions of 15 U.S.C. § 687(c) and 28 U.S.C. § 754. The trustees, directors, officers, members, employees, managers, investment advisors, attorneys, accountants and agents of Redstone are hereby dismissed and the powers and authority of the officers and members are suspended during the pendency of this receivership. Such persons shall have no authority with respect to Redstone's operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The Receiver shall assume and control the operation of Redstone and shall pursue and preserve all of its claims.

3. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts, books and records and all other documents or instruments relating to Redstone. The past and/or present members, officers, directors, managers, investment advisors, agents, trustees, attorneys, accountants, and employees of Redstone, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Redstone and its assets and all other assets and property of the corporation, whether real or personal. Redstone, shall furnish a written statement within ten (10) days after the entry of this Order, listing the identity, location and estimated value of all assets of Redstone as well as the names, addresses and amounts of claims of all known creditors of Redstone. Within thirty (30) days following the entry of this Order, Redstone shall also furnish a written report describing all assets. All persons or entities having control, custody or possession of any assets or property of Redstone are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known members, officers, directors, agents, employees, stakeholders, creditors and debtors of Redstone, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation or debt to Redstone shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Redstone had received such payments.

5. The Receiver is hereby authorized to open such Receiver's accounts at banking or other financial institutions to extend credit on behalf of Redstone, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse the SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any asset (including without limitation any claim), other than real estate.

6.  Redstone's past and/or present members, officers, directors, agents, accountants, managers, stakeholders, employees, debtors and creditors of Redstone and other appropriate persons (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them in compliance with the Federal Rules of Civil Procedure, and pursuant thereto shall produce any documents as required by the Receiver regarding the business of said company, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Redstone. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons, the production of documents, information, or any other discovery concerning the assets, property or business operations of Redstone, or any other matter relevant to the operation or administration of the Receivership or the collection of funds due to Redstone, the Receiver shall make its discovery request(s) in compliance with the Federal Rules of Civil Procedure.

7.  The parties to any and all civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving Redstone or any assets of Redstone, including subsidiaries, partnerships and other business combinations of Redstone, wherever located, or involving Redstone, the Receiver, or any of Redstone's past or present members, officers, directors, managers, agents, or stakeholders for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff,

third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal proceeding, or from taking any action, in connection with any such proceeding or any such asset. All civil legal proceedings of any nature, excluding the instant proceeding, but including without limitation bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving Redstone or any assets of Redstone, including subsidiaries, partnerships and other business combinations of Redstone, wherever located, and excluding the instant proceeding, or involving Redstone, the Receiver, or any of Redstone's past or present, members, officers, directors, managers, agents, or stakeholders sued for, or in connection with, any action taken by them while acting in such capacity of any nature, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court. Further, as to a cause of action accrued or accruing in favor of Redstone against a third person or party, any applicable statute of limitation is tolled during the period in which this injunction against the commencement of legal proceedings is in effect as to that cause of action.

8. Redstone and its past and/or present directors, officers, managers, members, agents, investment advisors, employees, stakeholders and other persons acting in concert or participating therewith be, and they hereby are, enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would dissipate the assets and/or property of Redstone to the detriment of the Receiver appointed in this cause, including but not limited to destruction of corporate records, or which would violate the Small Business Investment Act of 1958, as amended, 15 U.S.C.

661 et. seq., or the regulations promulgated thereunder ("Regulations"), 13 C.F.R. Part 107.

9. The Receiver is authorized to borrow on behalf of Redstone, from the SBA, up to $1,000,000 and is authorized to cause Redstone to issue Receiver's Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall be deemed to be administrative expenses of the Receivership.

10. This Court determines and adjudicates that Redstone has violated the Act and the Regulations, as alleged in the Complaint filed against Redstone in the instant action. After the foregoing activities are completed, the Receiver may submit a report to this Court recommending that Redstone's SBA license be revoked. Upon motion and discharge of the Receiver, the pre-receivership records, which the Receiver determines are not necessary for the resolution of any remaining assets or for any other reason, and the LLC shall be returned to prior management.

11. This Court hereby enters judgment in the amount of $15,313,871.95 against Redstone in favor of SBA. Post judgment interest, at the rate set under federal law, will continue to accrue after September 1, 2013.

Dbt f !3;24.dw.14: 4: .EN D. KBE !!! Epdvn f ou5!!!Gjrhe!17Œ9Œ4!!!Qbhf !8!pg8!Qbhf Æ;!44

SEEN AND AGREED BY REDSTONE BUSINESS LENDERS, LLC AND THE U.S. SMALL BUSINESS ADMINISTRATION, THROUGH THEIR DULY AUTHORIZED REPRESENTATIVES:

Redstone Business Lenders, LLC

By: _____
Name: Jeffrey Birnberg
Its: President
Date: June 24, 2013

_____
U.S. Small Business Administration
By: Thomas G. Morris
Its: Director, Office of SBIC Liquidation
Date: June 25, 2013

SO ORDERED, DATED this 28 day of June, 2013.

_____
UNITED STATES DISTRICT COURT JUDGE

Dennis M. Cavanaugh
U.S. District Judge

7

# Fax Cover Sheet

www.sba.gov

**U.S. Small Business Administration**

**SBA**

*Your Small Business Resource*

**To:** Arlene Messinger

**Organization:** SBA

**Phone:** 202-205-6857      **Fax:** 202-481-0325

**Date:** 6/27/2013      **Time:** 11:48 AM

**From:** John N. Villios, District Counsel

**Office:** NJDO

**Phone:** (973) 645-2481      **Fax:** (202) 481-2659

**No. of pages (including this cover sheet)** 12

As America's Small Business Resource, the SBA can connect you with a network of services to fit your needs.

We help small businesses:

- Get funding to grow.
- Open doors to contracts.
- Find local resources.
- Recover from disasters.

And more.

## Message:

Hi, Arlene,

Summons and complaint follow.

John

CONFIDENTIALITY NOTE: the information contained in this facsimile transmittal sheet and the document(s) that follow are for the exclusive use of the addressee and may contain information protected by the Privacy Act, 5 U.S.C. 552a, or otherwise confidential, privileged, on non-disclosable information. If the recipient of this facsimile is not the addressee or is not the person responsible for delivering this facsimile to the addressee, the recipient may violate the law by reading, photocopying, distributing or otherwise using this facsimile transmission or its contents in any way. If the recipient has received this facsimile transmission in error, call the sending office immediately.

SBA Form 959 (03/04) Previous editions are obsolete.

Federal Recycling Program   Printed on Recycled Paper

# UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

THE UNITED STATES SMALL BUSINESS
ADMINISTRATION,
*Plaintiff*

V.

**SUMMONS IN A CIVIL CASE**

REDSTONE BUSINESS LENDERS, INC.,
*Defendant*

CASE NUMBER: 2:13-CV-03939-DMC-JAD

TO: *(Name and address of Defendant):*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) -- or 60 days if you are the United States or a United States Agency, or an office or employee of the United States described in Fed. R. civ. P. 12 (a)(2) or (3) -- you must serve on the plaintiff an answer to the attached complaint or a motion under rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.



WILLIAM T. WALSH

CLERK

Angelica Richardson
(By) DEPUTY CLERK

ISSUED ON 2013-06-27 09:59:25.0, Clerk
USDC NJD

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me(1) | |
| NAME OF SERVER (PRINT) | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

☐ Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify) : _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____
                        Date

_____
Signature of Server

_____
Address of Server